UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>Petitioner,<br><br>v.<br><br><br>GORE & KUPERMAN, PLLC,<br><br>Respondent. | Misc. No. _____ |

PETITION OF THE UNITED STATES
TO ENFORCE CIVIL INVESTIGATIVE DEMAND No. 2023-33

Pursuant to 31 U.S.C. § 3733(j)(1) of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, the

United States of America moves for an order to show cause compelling Respondent Gore &

Kuperman, PLLC ("Respondent") to comply with Civil Investigative Demand ("CID") No.

2023-33, so that the United States can complete its investigation of whether Respondent violated

the False Claims Act by making false statements in its application to obtain pandemic-assistance

loans from the Small Business Administration ("SBA").

The CID seeks documents, interrogatory responses, and testimony central to determining

whether Respondent made false statements in its applications for pandemic-assistance loans—

specifically, the Paycheck Protection Program ("PPP") loan and Economic Injury Disaster

("EIDL") loan.  The United States Attorney's Office for the Eastern District of Virginia served

CID No. 2023-33 on Respondent via certified mail to Respondent's registered agent on

December 29, 2023.  Since receiving the CID, Respondent has failed to comply with the CID.

Specifically, Respondent has failed to respond to any interrogatories in the CID.  Moreover,

Respondent has failed to respond to the CID's document requests for (a) communications that

discuss Respondent's eligibility to apply for PPP loans; (b) communications that discuss

Respondent's eligibility to apply for  EIDL loans; (c) documents that discuss, describe, or

explain Respondent's use of PPP loan funds; and (d) documents that discuss, describe, or explain

Respondent's use of EIDL loan funds.  For the requests to which Respondent produced some

documents, Respondent has not certified that all responsive documents have been produced.

Accordingly, the Court should order Respondent to show cause why it should not fully comply

with the CID.

In support of the Petition is a Declaration ("Decl."), Exhibits 1 and 2, and a

Memorandum of Law setting forth the grounds for the proposed order to show cause.

## JURISDICTION AND VENUE

1.  The United States brings this action pursuant to the False Claims Act, 31 U.S.C. § 3733(j)(1).

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

    1345 because this civil action arises under federal law and is brought by the United States.

3.  The Court may exercise personal jurisdiction over Respondent pursuant to 31 U.S.C.

    § 3732(a) because that section authorizes nationwide service of process and because

    Respondent resides in the Eastern District of Virginia.

4.  Venue is proper in the Eastern District of Virginia under 31 U.S.C. § 3733(j)(1) because

    Respondent resides in the Eastern District of Virginia.

## THE PARTIES

5.  Petitioner is the United States.

6.  Respondent is a Virginia limited liability company.  Respondent's principal office address is

    10521 Judicial Drive, Suite 204, Fairfax, Virginia 22030.

THE PAYCHECK PROTECTION PROGRAM

7. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act authorized forgivable loans to small businesses and self-employed individuals for payroll, mortgage interest, rent/lease, utilities, and other business-related expenses through the PPP.  *See* CARES Act § 1102, Pub. L. No. 116-136, 134 Stat. 281, 286 (2020).

8. The PPP was administered by the Small Business Administration ("SBA").  *See* 85 Fed. Reg. 20,811 (Apr. 15, 2020).

9. To obtain a PPP loan, qualifying businesses were required to submit an SBA Form 2483 ("PPP Borrower Application Form") signed by an authorized representative of the business. The PPP Borrower Application Form required the business to acknowledge the program rules and make certain affirmative certifications regarding its eligibility to obtain the PPP loan.

10. The PPP loan amount available to qualifying small businesses was determined by the number of employees employed by the business and the business's average monthly payroll costs. *See* 15 U.S.C. § 636(a)(36)(E).

11. PPP applicants submitted the PPP Borrower Application Form to lenders (*i.e.,* financial institutions) that were authorized to process applications and supporting documents on the SBA's behalf.  Lenders issued a PPP loan using their own funds, which the SBA fully guaranteed.  *See* 15 U.S.C. § 636(a)(36)(B).

THE ECONOMIC INJURY DISASTER LOAN PROGRAM

12. The Small Business Act authorizes the SBA to provide economic injury disaster loan ("EIDL") relief to eligible small businesses that have suffered a substantial economic injury as a result of a disaster.  *See* 15 U.S.C. § 636(b)(2).

13. The CARES Act deemed the COVID-19 pandemic to be an eligible "disaster" under the

    Small Business Act and authorized the SBA to provide EIDL relief to small businesses that

    "suffer[ed] substantial economic injury as a result of the COVID-19 pandemic."  86 Fed.

    Reg. 50,214, 50,214 (Sept. 8, 2021); *see also* CARES Act, Pub. L. No. 116-123, 134 Stat.

    146, 147 (2020) (stating "coronavirus shall be deemed to be a disaster" under the Small

    Business Act).

14. A small business was eligible for EIDL relief if the business was "unable to meet its

    obligations as they mature or to pay its ordinary and necessary operating expenses."  13

    C.F.R. § 123.300(a)(1).

  RESPONDENT'S FIRST-DRAW PPP LOAN AND PPP FORGIVENESS APPLICATION

15. On April 6, 2020, Respondent applied for a PPP loan.

16. In its PPP loan application, Respondent claimed it had eight (8) employees in 2019 and

    payroll sufficient to support a PPP loan of $83,168.00.

17. On May 1, 2020, Respondent's PPP loan application was approved for a PPP loan of

    $83,100.

18. On November 1, 2021, Respondent applied for forgiveness of the entire PPP loan amount of

    $83,100.

19. On January 3, 2022, the SBA forgave only $49,958.33 of the loan principal along with

    $843.74 in interest.

  RESPONDENT'S SECOND-DRAW PPP LOAN AND PPP FORGIVENESS APPLICATION

20. On February 10, 2021, Respondent applied for a second-draw PPP loan.[1]

---

[1] On December 27, 2020, the President signed the 2021 Consolidated Appropriations Act, which allowed entities that had already received a first-draw PPP loan to apply for a second-draw PPP loan, as long as the entity could demonstrate that its gross receipts declined at least 25 percent in

21. In its second-draw PPP loan application, Respondent claimed it had eighteen (18) employees and payroll sufficient to support a PPP loan of $182,702.[2]

22. On February 17, 2021, Respondent's PPP loan application was approved for a PPP loan of $182,702.

23. On July 20, 2023, Respondent applied for forgiveness of the entire PPP loan amount of $182,702, in which it claimed it had ten (10) employees.

24. On October 25, 2023, Respondent received a notice that the SBA had denied Respondent's PPP forgiveness application because, among other things, Respondent's documentation had material discrepancies and the documentation provided was insufficient to determine if the PPP loan was eligible, was calculated correctly, and/or whether forgiveness is supported.

25. On November 3, 2023, Respondent appealed the SBA's denial of PPP forgiveness to the SBA's Office of Hearing and Appeals.

RESPONDENT'S EIDL LOAN APPLICATIONS

26. In addition to applying for PPP loans, Respondent applied for EIDL relief on two instances.

27. In its first EIDL application submitted on April 7, 2020, Respondent claimed it had five (5) employees and annual revenue of $1,500,000.

28. Respondent's initial EIDL application was approved.

29. In its second EIDL application submitted on May 5, 2020, Respondent claimed it had eight (8) employees and revenue of $4,000,000.

30. Respondent's second EIDL application was denied.

---

any quarter of 2020 relative to the same quarter in 2019.  *See* Consolidated Appropriations Act, § 311, Pub. L. No. 116-260, 134 Stat. 1182, 2001 (2020).

[2] The PPP loan application and supporting documents did not specify whether Respondent's claimed employee headcount was from the 2019 tax year or 2020 tax year.

INVESTIGATION OF THE PPP AND EIDL APPLICATIONS

31. The United States Attorney's Office for the Eastern District of Virginia has an investigation into whether Respondent violated the False Claims Act by making false statements and submitting false records in its PPP loan applications, PPP forgiveness applications, and EIDL applications.

32. In particular, the investigation concerns whether Respondent made false statements concerning its number of employees, payroll expenses, or revenue in its PPP loan applications, PPP forgiveness applications, and EIDL applications.

THE CID

33. In connection with this investigation, the United States Attorney for the Eastern District of Virginia, under her authority as the designee for the Attorney General of the Department of Justice, issued CID No. 2023-33 to Respondent. *See* Ex. 1 (CID No. 2023-33).

34. The CID states, in relevant part, that it was issued pursuant "to the False Claims Act, 31 U.S.C. §§ 3729-33. . . in the course of an investigation to determine whether there is or has been a violation of the False Claims Act." [3] Ex. 1 at 1. The CID further states that the investigation "concerns applications for loans and loan forgiveness through the U.S. Small Business Administration's Paycheck Protection Program (PPP) and Economic Injury Disaster Loan (EIDL) program by Gore & Kuperman, PLLC." *Id.*

---

[3] The CID also noted that the investigation seeks to determine whether there has been a violation of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1833a(g). FIRREA authorizes the Attorney General, and the U.S. Attorney by delegation, to issue administrative subpoenas for conducting a civil investigation. *Id.* FIRREA allows the United States to pursue civil penalties for any fraud involving or affecting certain types of financial institutions and the Small Business Administration in connection with PPP loans. *Id.* § 1833a(c); 15 U.S.C. § 645(a).

35. The CID contains twelve interrogatories, eleven document requests, and a request for sworn oral testimony.

36. All of the interrogatories and document requests seek information, documents, and communications about Respondent's business operations; none of the interrogatories or document requests seek any information, documents, or communications that are attorney-client privileged or attorney work-product.

37. The CID also contains sworn certificates that Respondent must submit for its interrogatory responses and document requests. *See* Ex. 1 at 5-6. The sworn certificates require Respondent to certify that all the information and documentary material required by the CID and in Respondent's possession, custody, or control have been produced. To the extent any information required by the CID has not been furnished, the sworn certificates further require Respondent to set forth with particularity the reasons why the information was not furnished.

38. The CID seeks sworn responses to the interrogatories and the production of the requested documents "no later than twenty (20) days" from the date Respondent received the CID. Ex. 1 at 2-3. The CID also requires Respondent to provide sworn oral testimony thirty (30) days from the date Respondent received the CID or at any other date agreed upon by Respondent and the United States. *See id.* at 4.

39. On December 29, 2023, the United States served an executed copy of the CID by certified mail, return receipt requested, to Respondent's registered agent at the address on file with the Virginia State Corporation Commission: 10521 Judicial Drive, Suite 204, Fairfax, Virginia 22030. The United States received a receipt of mailing. *See* Ex. 2 (certified receipt).

RESPONDENT'S NONCOMPLIANCE

40. Respondent has not responded to any of the interrogatories in the CID. *See* Decl. ¶ 9.

41. Respondent also has failed to respond adequately to the CID's document requests.  *See* Decl. ¶ 10.

42. Specifically, Respondent has produced documents only in response to Document Request Nos. 3, 4, and 5 and has not certified that its responses to those Document Requests are complete.  *See* Decl. ¶ 11.

43. Respondent has produced no documents in response to Document Request Nos. 6, 7, 8, or 9.[4] *See* Decl. ¶ 12.

44. As a result of Respondent's failure to respond to the document requests and interrogatories, the United States has been unable to conduct Respondent's testimony.[5]  *See* Decl. ¶ 13.

45. Further, Respondent's failure to produce sworn interrogatory responses and several categories of responsive documents has frustrated the United States' ability to determine whether Respondent knowingly made false statements in its PPP and EIDL loan applications.  *See* Decl. ¶ 14.

46. Respondent's failure to comply with the CID in full has impeded the United States' ongoing investigation of whether Respondent violated the False Claims Act by making false statements in its PPP loan applications, PPP forgiveness applications, and EIDL loan applications.  *See* Decl. ¶ 15.

WHEREFORE the United States of America respectfully asks that this Court:

A.     Enter an order directing the Respondent to show cause in writing, if any cause exists, why it should not comply with and obey CID No. 2023-33 and every requirement thereof;

---

[4] The United States allowed Respondent to forgo its responses to Document Request Nos. 1, 2, 10, and 11 for the time being.

[5] While Respondent has not refused to appear, and has proposed a July date for testimony, by delaying responses to the CID, Respondent impairs and delays the taking of the testimony.

B.      Enter an order directing the Respondent to fully obey the CID described above

and every requirement thereof, including (i) ordering the Respondent to produce all responsive

documents or certify in writing that no responsive documents exist, to respond to the

interrogatories demanded by the CID, and to submit the required sworn certificates of

compliance within fourteen (14) days of the Show Cause hearing and (ii) ordering the

Respondent to appear and testify pursuant to the CID within twenty-eight (28) days of producing

the materials, information, and sworn certificates of compliance demanded by the CID; and

C.      Grant such other and further relief as the Court deems to be proper and just.

Dated:  June 13, 2024

Respectfully submitted,

JESSICA D. ABER
United States Attorney

By:

/s/
Tanya Kapoor
William Hochul III
Assistant U.S. Attorneys
*Counsel for the United States of America*
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3911
Fax:    (703) 299-2584
E-mail:  Tanya.Kapoor@usdoj.gov
            William.Hochul2@usdoj.gov