IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| United States of America., ) | |
| ) | |
| Petitioner, ) | Misc. No. 1:24-mc-00012-LMB-WBP |
| ) | Misc. No. 1:24-mc-00013-LMB-WBP |
| v. ) | Misc. No. 1:24-mc-00014-LMB-WBP |
| ) | |
| Gore & Kuperman PLLC, ) | |
| Can Do Ventures, LLC, and ) | |
| Boris Kuperman ) | |
| Respondent. ) | |
| ) | |

**RESPONDENTS GORE & KUPERMAN,
CAN DO VENTURES, BORIS KUPERMAN
<u>MOTION TO STATUS REPORT</u>**

Gore & Kuperman, PLLC ("G&K"), Can Do Ventures, LLC ("CDV"), and Boris Kuperman ("Mr. Kuperman") respectfully submit the following response to the United States' August 16 and August 21, 2024 Status Reports. Contrary to the assertions by the United States, G&K, CDV, and Mr. Kuperman have complied with and are continuing to comply with their obligations under the Civil Investigative Demands ("CIDs") issued to them by the United States Attorney's Office for the Eastern District of Virginia ("USAO"). These are the facts concerning the status of G&K's, CDV's, and Mr. Kuperman's compliance with the CIDs:

<u>**State of Compliance Before the Motion on the Order to Show Cause**</u>

1. In the period after the CIDs were issued, G&K and CDV, through counsel, engaged with Assistant U.S. Attorney William Hochul regarding the information sought by the USAO. In those conversations, Mr. Hochul—whom the CIDs designated as the False Claims Act custodian in this case and the person to whom G&K and CDV were to provide the interrogatory responses—agreed that G&K and CDV did not need to respond to all of the interrogatories at that time and

extended G&K's and CDV's response deadlines to a date to be determined in the future, seeking only:

> All payroll records for Gore & Kuperman and Can Do Ventures;
> All federal income and employment tax returns for Gore & Kuperman and Can Do Ventures, including Form W-2s, Form W-3s, Form 941s, 1099-NECs, 1099-MISCs, Form 1040s, Schedule Cs, and Form 1065s; and
> All financial statements for Gore & Kuperman and Can Do Ventures.

.

2. Mr. Hochul indicated to G&K and CDV that they should prioritize their document productions because that was the information most of interest to the USAO and the parties would have a proposed timeline for the remaining outstanding requests.

3. Following multiple communications (electronic mail and telephone discussions) regarding the process of collection and the burden of production, G&K and CDV followed that direction and produced 718 pages of documents to the USAO on March 18, 2024.

4. Additionally, in response to the CID issued to Mr. Kuperman, searches for responsive communications were undertaken, and only those with PNC Bank and the United States Small Business Administration were located. Those communications were not produced, however, because the USAO indicated those communications were available to it from other sources and need not be re-produced.

5. Further, counsel represented to the USAO that the searches identified no other responsive communications, but that if the USAO was aware of responsive communications or other locations for information, additional searches would be conducted in an effort to comply.

6. Additionally, G&K and CDV, at significant expense and effort, engaged a corporate representative to review books and records and other sources of information to certify G&K's and CDV's compliance with the document requests and ultimately to provide sworn interrogatory responses at the appropriate time.

7. Counsel also engaged with the USAO regarding dates for a potential deposition of the corporate representative in the July 2024 timeframe.

8. Notwithstanding, G&K, CDV, and Mr. Kuperman's ongoing engagement with the USAO regarding the CIDs, including the production of documents and engagement of the corporate representative, the USAO filed the instant motion on the Order to Show Cause, citing among other things, G&K's and CDV's failure to provide interrogatory responses and Mr. Kuperman's failure to produce communications. This reflected a change in the USAO's position with respect to the interrogatories and a wholesale refusal by the USAO to accept the representations that searches on behalf of Mr. Kuperman revealed no responsive communications.

**State of Compliance After the Motion on the Order to Show Cause**

9. Though disappointed by the USAO's position with regard to the production, having undertaken the communications search, produced all responsive documents and engaged a corporate representative and scheduled a deposition date (July 18th), and continued to offer immediate access to Mr. Kuperman in a proffer setting to question him directly as to what he had learned in his review of the materials and the process by which the loan applications were completed and submitted G&K, CDV, and Mr. Kuperman continued to engage with the USAO to ensure their compliance with the CIDs

10. Specifically, G&K and CDV each served their sworn interrogatory responses, and their corporate representative has certified to the completeness of their February document productions.

11. Further, because the USAO has refused to accept the representations that there are no responsive communications, Mr. Kuperman is retaining an e-discovery vendor in an effort to prove the absence of communications to the USAO's satisfaction.

12. At this point, G&K, CDV, and Mr. Kuperman are in compliance with their obligations pursuant to the CIDs.

13. The USAO does not dispute that the document productions, certifications, and interrogatories have been provided.

14. Instead, the USAO questions the sufficiency of some of the responses.

15. G&K, CDV, and Mr. Kuperman respectfully submit that the responses are sufficient and that the USAO's claims to the contrary are not well-taken. For example, the USAO claims that interrogatory responses are deficient because they direct the USAO to contact represented parties through counsel. But as a matter of law and legal ethics, the USAO may not contact represented parties directly, so the claim that the interrogatory responses are deficient because they do not provide direct contact information for the represented parties is not valid.

16. In any event, these are issues that the USAO, G&K, CDV, and Mr. Kuperman can resolve without the involvement of the Court.

17. Indeed, it would premature and inappropriate for the Court to weigh in on those sufficiency issues in connection with the motion on the Order to Show Cause which only asks that "the Court should order Respondent to show cause why it should not fully comply with the CID."

18. As the respondents have fully complied with the CID and have never refused to do so as a threshold matter, the question of sufficiency is not ripe, nor requested by the instant motion(s).

19. If the parties cannot resolve their disputes concerning the sufficiency of the responses, that is an issue for a separate motion to compel.

**CONCLUSION**

For the reasons set forth herein, there is no issue of compliance with the CIDs requiring judicial intervention at this time.

Dated: August 22, 2024

**VENABLE LLP**
*/s/ Nicholas M. DePalma*
Nicholas M. DePalma
Mark E. Schamel (*Pro Hac Pending*)
1850 Towers Crescent Plaza
Suite 400
Tysons, VA 22182
Tel: (703) 905-1455
Fax: (703) 821-8949
Email: NMDepalma@venable.com
    MESchamel@venable.com

Britt Biles
Womble Bond Dickinson (US) LLP
2001 K Street, NW
Washington, DC 20006

*Counsel for Gore & Kuperman, PLLC and Can Do Ventures, LLP*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August 2024, I caused a copy of the foregoing to be served on all counsel of record via e-mail CM/ECF.

*/s/ Nicholas M. DePalma*
Nicholas M. DePalma

*Counsel for Gore & Kuperman, PLLC and Can Do Ventures, LLP*